On the Merits.
It is made an imperative condition, in order that the owner may secure his homestead, that it is actually owned and occupied by him as a residence.
Defendants admit all that plaintiff in injunction claims as necessary to a homestead exemption, and aver that plaintiff would be entitled to the exemption claimed, were it not that he has separated a part of his land from that he now occupies, by a fence, and that he leases this adjoining portion thus separated to two tenants. There is no question raised in regard to his right to a homestead on the property actually occupied by him.
The contentions on the part of defendants and' appellants are that he (the debtor, Clausen) has ceased to occupy the leased land as a homestead, and that in consequence the right of homestead to the leased portion ceased, and it became subject to seizure.
The appellee, claiming the homestead on his leased land, urges that, although he had leased part of the land, he yet remained in possession.
There are no decisions upon the subject pronounced by the courts of this state. There are decisions in jurisdictions in other states holding that, if premises are occupied by the owner as a residence for himself and- family, the right of homestead remains, although the property is used for other purposes. Thus it has been decided that, notwithstanding a building is used partly for other purposes, it may yet be a homestead, if occupied as before mentioned. American & English Ency. of Law, vol. 15 (2d Ed.) p. 582.
. “But in some states, though not in all, where there are two or more houses on lands owned by a debtor, and he resides in one and leases the others, he can acquire the homestead in that part of the land only on which the house in which he resides is situated.” Id. p. 582.
*999 “And generally where a debtor resides on a tract or lot of land, and owns another tract he has leased, he cannot claim the latter as a part of the homestead, even though it may adjoin.”
We have examined the decisions upon the subject in the Lawyers’ Reports Annotated, and found that the trend of the decisions is in consonance with the decisions referred to in the Encyclopeedia, before mentioned.
The language of the Constitution of this state is “owned by the debtor and occupied by him.” Article 244, Const. 1898. (Italics ours.)
If a debtor leases the whole of the premises, he has no right to a homestead exemption. All the decisions in other states agree upon the subject. It follows, if he cuts off a portion of his premises by a fence, and leases it, there is no good reason why the rule should not apply to the leased portion.
The law and the evidence being in favor' of John B. Sanders, sheriff, et al., appellants, and against John P. Clausen, appellee, the judgment appealed from is avoided, annulled, and reversed.
It is further ordered, adjudged, and decreed that the writ of injunction sued out be dissolved at cost of plaintiff and appellee in both courts, and the sheriff of the parish of St. Mary is ordered to proceed with advertising and selling the property by him seized under the writ of fi. fa.; the same (i. e., the property seized) not being exempt from seizure under the homestead law.